IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| MARVIN WADDLETON | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv1002 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Marvin Waddleton, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Waddleton was convicted of aggravated assault of a public servant in the 114th Judicial District Court of Smith County, Texas, receiving a sentence of life in prison. He was subsequently granted an out of time appeal and his conviction was affirmed by the Twelfth Judicial District Court of Appeals on August 11, 2011. The Texas Court of Criminal Appeals refused his petition for discretionary review. *Waddleton v. State*, slip op. no. 12-10-00355-CR, 2011 WL 3505269 (Tex.App.-Tyler, August 10, 2011, *pet. ref'd* January 11, 2012). Waddleton sought and was denied certiorari review from the U.S. Supreme Court. *Waddleton v. Texas*, 133 S.Ct. 120 (October 1, 2012, *reh. den.* January 7, 2013).

On December 9, 2014, over two years and two months after his certiorari petition was denied, Waddleton filed a state habeas corpus application. This application was denied without written order by the Texas Court of Criminal Appeals on September 9, 2015. Waddleton mailed his federal habeas corpus petition on November 12, 2015.

The facts of the case, as stated in the August 2011 opinion of the Twelfth Judicial District Court of Appeals, showed Waddleton exhibited belligerent behavior against officers while confined in the Smith County Jail on November 21, 2005. When officers tried to remove him from the cell, Waddleton stabbed a guard with a toothbrush which had been sharpened to a point.

In his federal habeas petition, Waddleton asserted that: the prosecutor committed misconduct through an improper closing; the jury charge was erroneous; the indictment was improperly amended on the day of trial; there was an "open trial with an extraneous offense;" the State offered perjured testimony; the State failed to disclose material evidence favorable to the defense; Waddleton received ineffective assistance of counsel at trial and on appeal; the trial court improperly denied a motion for directed verdict; the judge was a former prosecutor who had prosecuted Waddleton in a prior offense; the judge told Waddleton not to look at a white lady juror; the judge allowed highly prejudicial evidence which had no probative value; the life sentence is disproportionate for the injuries suffered by the guard, which amounted to no more than a bruise; and, Waddleton should not have been in the jail in the first place because he was arrested by Tyler police in Winona, outside of their jurisdiction.

## II. The Report of the Magistrate Judge

The Magistrate Judge ordered Waddleton to show cause why his petition should not be barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). In his response, Waddleton stated that on September 11, 2013, a motion for loan of the trial court records was filed in the state district court. This motion was denied but Waddleton was informed of the cost of the records for the pre-trial and guilt-innocence proceedings.

2

He did not hear from the clerk of court again after October 28, 2013, when the clerk stated that it was unclear what records were being requested.

Waddleton then traced his efforts to obtain copies of his transcripts, in which he wrote to the Texas Court of Criminal Appeals, the Texas State Law Library, the Twelfth Court of Appeals, and the Court Reporter Certification Board. He argued that the limitations period should be tolled or excused because of his difficulties in obtaining the transcript.

**III. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be dismissed. The Magistrate Judge set out the limitations statute, 28 U.S.C. §2244(d), and stated that Waddleton's conviction became final by the denial of certiorari review on October 1, 2012, citing *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002) (motion for rehearing of the denial of certiorari review by the U.S. Supreme Court does not toll the limitations period). Waddleton's limitations period began to run at that time and expired on October 1, 2013, absent the operation of other factors.[1] His state habeas corpus petition was filed in December of 2014, well after the limitations period expired, and thus cannot serve to toll any portion of the statute of limitations. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Waddleton argues that his difficulties in obtaining his trial transcripts amounted to a state-created impediment preventing him from seeking federal habeas corpus relief. The Magistrate Judge concluded that in order to invoke this provision, found in 28 U.S.C. §2244(d)(1)(B), the petitioner must show that the state action violated the Constitution or federal law, and Waddleton failed to

---

[1]The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitations in habeas corpus proceedings. As set out in 28 U.S.C. §2244(d), this one-year limitations period runs from the latest of the following: (1) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which an impediment to filing created by state action in violation of the Constitution or laws of the United States is removed; (3) the date on which the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

meet this requirement because the Constitution does not automatically require that a prisoner be provided with a free copy of a transcript for purposes of seeking collateral review. *Deem v. Devasto*, 140 F.App'x 574, 2005 U.S. App. LEXIS 17287, 2005 WL 1953912 (5th Cir., August 16, 2005).

The Magistrate Judge cited *Crawford v. Costello*, 27 F.App'x 57, 2001 U.S. App. LEXIS 25217, 2001 WL 1485838 (2nd Cir., November 20, 2001), in which the Second Circuit held that because there is no constitutional right to a trial transcript for collateral appeals, the state court's denial of the petitioner's request for a transcript did not amount to a constitutional impediment sufficient to toll the statute of limitations. The court also observed that the petitioner's lack of a transcript did not prevent him from filing a habeas petition.

Similarly, the Magistrate Judge stated that Waddleton has not shown his inability to obtain a transcript was an unconstitutional state-created impediment. In *Crain v. Director, TDCJ-CID*, civil action no. 6:11cv214, 2012 U.S. Dist. LEXIS 25388, 2012 WL 651730 (E.D.Tex., February 27, 2012), this Court held that problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to state-created impediments setting off the commencement date of the limitations period. Thus, the Magistrate Judge concluded that Waddleton's difficulties in obtaining his transcripts did not provide a valid basis for tolling the limitations period.

In any event, the Magistrate Judge determined that Waddleton's petition would still be time-barred even if the limitations period were tolled. His conviction became final on October 1, 2012, and his limitations period expired one year later, on October 1, 2013. Waddleton filed his motion for a loan of the trial records on September 11, 2013, with 19 days left in the limitations period. His state habeas petition was filed on December 9, 2014, and denied on September 9, 2015. The Magistrate Judge stated that if the entire period of time between September 11, 2013, and September 9, 2015 were excluded from the limitations period, Waddleton's limitations period expired on September 28, 2015, some ten weeks before he signed his federal habeas petition on December 9, 2015.

The Magistrate Judge further determined that Waddleton failed to show any basis for equitable tolling of the statute of limitations. Such equitable tolling requires a showing of rare and exceptional circumstances and necessitates a showing of reasonable diligence. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). The record shows Waddleton waited over eleven months after his petition for certiorari was denied in which to seek copies of his state court records to begin preparing a collateral attack, and then another year and two months elapsed before he filed his state habeas petition. The Magistrate Judge cited *Nelms v. Johnson*, 51 F.App'x 482, 2002 U.S. App. LEXIS 29070, 2002 WL 31319277 (5th Cir., September 30, 2002) (stating that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by.") Finally, the Magistrate Judge determined that Waddleton had not set out a credible claim of actual innocence to serve as a gateway through which he may pass to avoid the statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013).

**III. Waddleton's Objections to the Report**

In his objections, Waddleton alludes to the fact that he was granted an out of time appeal and denies that he slept on his rights, arguing that he proceeded with diligence. Waddleton states that before he received the denial of certiorari from the Supreme Court, he suffered an injury in an excessive use of force on October 4, 2012. He complains of being denied medical care for 21 days and having to file grievances as well as being subjected to unreasonable body cavity searches by TDCJ officials. These facts do not show that Waddleton acted with reasonable diligence in the face of the extraordinary lapses of time in this case. Waddleton's objection on this point is without merit.

Waddleton next argues the facts of his conviction, asserting that the State failed to prove he had stabbed anyone because the officer's injury was actually caused by the steel door and the toothbrush was not a deadly weapon *per se*. He also complained that he was unlawfully in the Smith County Jail because he was arrested by Tyler police outside of their jurisdiction. These allegations do not set out a credible showing of actual innocence sufficient to avoid the statute of limitations. *See McQuiggin*, 133 S.Ct. at 1928 (to show actual innocence, a petitioner must demonstrate that in

5

the light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt); *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), (examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial). Waddleton's objection on this point is without merit.

With regard to equitable tolling, Waddleton argued that the statute of limitations is not jurisdictional and thus is subject to "a rebuttable presumption in favor of equitable tolling." In holding that the statute of limitations is subject to equitable tolling, the Supreme Court explained that the AEDPA is non-jurisdictional and that a non-jurisdictional federal statute of limitations is normally subject to a rebuttable presumption in favor of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 646, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). This holding does not refer to whether a particular petitioner has a rebuttable presumption of equitable tolling, but to the determination of whether or not the principle of equitable tolling applies at all to a statutory limitations period where the statute made no provision for such tolling.[2] An individual petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649. The Magistrate Judge correctly determined that Waddleton failed to meet this standard. His objection on this point is without merit.

Next, Waddleton argues that the intent of Congress was to limit only death penalty cases to the one-year statute of limitations. This is plainly incorrect. The statute provides that "a one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." There is no statutory language stating that the limitations period applies only to capital cases; 28 U.S.C. §§2261 through §2266 concern special habeas corpus

---

[1]In other words, the question before the Supreme Court was whether or not the statutory limitations period in the AEDPA could be tolled for equitable reasons. In deciding this question, one consideration was the rebuttable presumption in favor of equitable tolling which applies to non-jurisdictional federal limitations statutes.

procedures in capital cases, and had Congress intended that the limitations period apply only to capital cases, the statute would likely have been placed in this section. Waddleton's objection on this point is without merit.

Waddleton again complains of an assault upon him in October of 2012 and his subsequentl placement in lockup. He also states that he lost $250.00 worth of property, the facility where he was confined went on lockdown in February of 2013, and his elderly mother who lives alone suffers from heart problems and dementia and had to get a pacemaker. This meant Waddleton had to write to people to check on her when he did not get any letters or phone calls. None of these assertions demonstrate rare and exceptional circumstances justifying equitable tolling, nor do they excuse the lapses of time which caused the limitations period to expire. Waddleton's objection on this point is without merit.

Waddleton next contends that the AEDPA has caused an impediment and vexation to the constitutional right to the writ of habeas corpus and is thus unconstitutional. He also complains that the statute violates due process and equal protection by stating that the defendant's conviction becomes final at the conclusion of direct review, which does not set any limitations for the State or defense counsel to file for direct review, but yet sets unreasonable limits for the defendant to acquire trial records, seek an attorney, or seek discovery and investigation pertaining to his claim.

The constitutionality of the AEDPA has been repeatedly upheld. *Felker v. Turpin*, 518 U.S. 661, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999). The record shows that Waddleton was granted an out-of-time appeal, and his conviction did not become final until October of 2012, some six and a half years after his trial in March of 2006. Waddleton fails to show how the fact that his conviction became final at the conclusion of direct review amounts to a violation of due process or equal protection.

As the Magistrate Judge correctly determined, Waddleton did not file his motion seeking the trial transcripts until over 11 months had elapsed from the date his conviction became final. If the whole time period from the filing of this motion until Waddleton's state habeas corpus application

7

was denied is tolled, Waddleton still filed his federal habeas petition outside of the statute of limitations by some ten weeks. The lapses of time do not bespeak reasonable diligence. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). The Magistrate Judge properly recommended that Waddleton's petition be dismissed as barred by limitations, and Waddleton has not met his burden of showing entitlement to equitable tolling. His objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Marvin Waddleton is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **2** day of **June, 2017.**

_____
Ron Clark, United States District Judge